UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTOPHER F. CASTANIAS,  Case No. 1:11-cv-296
    Plaintiff  Weber, J.

  vs

ALECIA C. LIPTON, et al.,  **ORDER AND REPORT AND**
    Defendants  **RECOMMENDATION**

Plaintiff, a resident of Lebanon, Ohio, brings this civil rights action under 42 U.S.C. § 1983 against Alecia C. Lipton, the Ohio Department of Job and Family Services, and the Warren County Ohio Child Support Enforcement Agency.  By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion thereof, should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(i).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams,* 490

U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *See also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at

555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.* at 557.

Plaintiff, who is proceeding pro se, alleges that in September 2009, he was denied the appointment of counsel in a contempt proceeding for failure to pay court-ordered child support.  Plaintiff alleges that he was unable to "purge" himself of the contempt and was sentenced to 83 days in jail.  He further alleges he never received a summons in the proceeding and learned about the hearing while reviewing the county's on-line docket system while exploring other matters involving the parties.  Plaintiff alleges a violation of his constitutional rights and seeks injunctive and monetary relief.

At this juncture, the Court concludes that the claims against defendants Ohio Department of Job and Family Services and the Warren County Ohio Child Support Enforcement Agency may proceed.  *See* 28 U.S.C. § 1915(e)(2)(B).

However, plaintiff's complaint against defendant Lipton should be dismissed.  To state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege facts showing that defendant Lipton acted under color of state law and that her conduct deprived plaintiff of some right secured by the Constitution or laws of the United States.  *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)).  Plaintiff's complaint fails to allege facts showing defendant Lipton acted under color of state law.  Plaintiff alleges that Lipton and an employee of the Warren County Ohio Child Support Enforcement Agency initiated child support enforcement proceedings in the court of common

pleas which ultimately resulted in plaintiff's incarceration for his failure to pay child support. A private individual who merely takes legal measures to obtain child support for a child is not a state actor for purposes of Section 1983. *See DiPietro v. New Jersey Family Support Payment Center*, No. 08-4761, 2009 WL 1635568, at *5 (D.N.J. June 10, 2009); *Joynes v. Meconi*, No. 05-332, 2006 WL 2819762, at *11 (D. Del. Sept. 30, 2006). Therefore, plaintiff's section 1983 claims against defendant Lipton should be dismissed.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's claims against defendant Lipton be **DISMISSED**.

### IT IS THEREFORE ORDERED:

1. The United States Marshal shall serve a copy of the complaint, summons, and this order upon defendants Ohio Department of Job and Family Services and the Warren County Ohio Child Support Enforcement Agency as directed by plaintiff. All costs of service shall be advanced by the United States.

2. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the clerk of court a certificate stating the date a true and correct copy of any document was mailed to defendant or counsel. Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the court.

3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

Date: 5/13/2011                  s/Karen L. Litkovitz
Karen L. Litkovitz, Magistrate Judge
United States District Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTOPHER F. CASTANIAS,  Case No. 1:11-cv-296
    Plaintiff  Weber, J.

vs

ALECIA C. LIPTON, et al.,
    Defendants

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).