UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
CIVIL ACTION NO. 11-296-HJW-JGW

CHRISTOPHER F. CASTANIAS                                          PLAINTIFF

V.

ALECIA C. LIPTON, et al.,                                          DEFENDANTS

### REPORT & RECOMMENDATION[1]

Pending is a motion to dismiss pursuant to Fed. Civ. R. 12(b)(1) and 12(b)(6) filed by the Ohio Department of Job and Family Services ("the Department"). Doc. 8. For the following reasons, I recommend that the motion be granted.

I. **Factual and Procedural History**

Pro se plaintiff alleges that in September 2009 he was denied the appointment of counsel in a contempt proceeding for failure to pay court-ordered child support. Plaintiff further alleges that he was unable to purge himself of contempt and was sentenced to 83 days in jail, even though he allegedly did not receive a summons and only learned about the hearing while reviewing the county's on-line docket system for other matters. Doc. 4, p. 3. In May 2011, plaintiff filed this action against Alecia Lipton (the child support obligee), the Ohio Department of Job and Family Services ("the Department") and the Warren County Ohio Child Support Enforcement Agency ("the Enforcement Agency"). Plaintiff seeks monetary relief, as well as "[r]eversal of the guilty ruling and subsequent sentence . . . ." Doc. 3, p.5.

In her initial review of plaintiff's complaint, United States Magistrate Judge Karen

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

1

Litkovitz recommended that the claims against Lipton be dismissed because Lipton was not a state actor.  Doc. 4, p. 3-4.  However, Judge Litkovitz concluded that claims against the Department and the Enforcement Agency could proceed.[2]  *Id.* at p. 3.

The Department filed objections to Judge Litkovitz's report and recommendation.  Doc. 7.  On the same date that it filed its objections, the Department filed the pending motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim for which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).   Doc. 8.

The presiding district judge adopted Judge Litkovitz's report and recommendation, concluding that the Department's objections were moot  because the issues presented in the objections were the same as those presented in the motion to dismiss.  Doc. 15, p. 2.  The presiding district judge dismissed the claims against Lipton and recommitted this case to this magistrate judge for consideration of the motion to dismiss.  *Id.*

The crux of the motion to dismiss is the Department's argument that plaintiff's suit against it is barred by the Eleventh Amendment.  Plaintiff has filed a response in opposition.  Doc. 13.  The time allotted for filing a reply under LR 7.2(a)(2) has elapsed without the Department having filed a reply, so the motion to dismiss is ripe for adjudication.

**II.	Analysis**

**A.	Standard of Review**

"A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis

---

[2] Judge Litkovitz's report and recommendation states that plaintiff seeks monetary and injunctive relief, but plaintiff's complaint contains no request for an injunction.

for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). A claim that a suit is barred by the Eleventh Amendment is a factual basis attack. *Giorgadze v. Tennessee Technology Center*, 2007 WL 2327034, at *2 (E.D.Tenn. Aug. 10, 2007). Since the Department's motion is a factual attack on the court's jurisdiction, "no presumption of truth applies to the plaintiff's factual allegations, and the court is free to weigh the evidence and resolve factual disputes so as to satisfy itself as to the existence of its power to hear the case." *Id.*

When ruling on a motion to dismiss under Rule 12(b)(6), a court must liberally construe the facts in the light most favorable to plaintiff, "accept[ing] the allegations stated in the complaint as true," *Strain v. Payne*, 2005 WL 2249919, at *1 (N.D.Ohio Sep. 15, 2005), and may not dismiss a claim unless it is apparent that the plaintiff cannot prove a set of facts which would entitle him to relief. *See, e.g., Kelly v. Hardwick Standard Distribution Corp.*, 2005 WL 3338377, at *1 (N.D.Ohio Dec. 2, 2005) (citing *Conley v. Gibson*, 344 U.S. 41 (1957)). If matters outside the record are relied upon in resolving a Rule 12(b)(6) motion, the motion is treated as one for summary judgment and the movant has the burden of proving there are no genuine issues of material fact. *Rogers v. Stratton Industries, Inc.*, 798 F.2d 913, 915 (6th Cir. 1986).

### B. Plaintiff's Claims are Barred by the Eleventh Amendment

The Eleventh Amendment provides "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

3

"The Eleventh Amendment bars § 1983 suits against a state, its agencies, and its officials sued in their official capacities for damages." *Cady v. Arenac County*, 574 F.3d 334, 342 (6th Cir. 2009). While the Eleventh Amendment does not expressly bar suits against a state by one of its own citizens, the Eleventh Amendment has long been construed to bar federal courts from exercising jurisdiction over actions against a state brought by its own citizens. *Id.* at 344; *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). This bar applies regardless of the relief sought. *Pennhurst*, 465 U.S. at 100. Both state governments themselves and entities which are considered arms of the state "are immune from suits for money damages pursuant to the Eleventh Amendment." *Alkire v. Irving*, 330 F.3d 802, 814 (6th Cir. 2003).

A citizen may sue a state in federal court only if the state consents to the suit or if Congress has chosen to abrogate a state's sovereign immunity. *Mixon v. Ohio*, 193 F.3d 389, 397 (6th Cir. 1999) (citing *Alden v. Maine*, 527 U.S. 706 (1999) and *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996)). The State of Ohio has not waived its sovereign immunity in federal court. *Mixon*, 193 F.3d at 397; *Mays v. Ohio*, 2011 WL 2111784, at *1 (S.D.Ohio May 2, 2011). There is also no indication that Congress has chosen to abrogate Ohio's immunity from this type of action.

The Department is an administrative department of the State of Ohio, created by Ohio Revised Code (ORC) § 121.02(H). This Court has previously held that the Department "is an agency of the State of Ohio, and therefore is considered an arm of the state for purposes of Eleventh Amendment immunity." *McVicker v. Hartfield*, 2009 WL 2431257, at *8 (S.D.Ohio Aug. 6, 2009). *See also Wee Care Child Care Ctr. v. Ohio Dept. of Jobs & Family Servs.*, 2009 WL 187829, at *2 (S.D.Ohio Jan. 23, 2009) ("As a State created, operated, and financed

4

institution, ODJFS [the Department] is clearly an arm of the State entitled to Eleventh Amendment protection.").

Nevertheless, plaintiff contends the Department is not entitled to immunity because it acted maliciously and because of the United States Supreme Court's recent opinion in *Turner v. Rogers*, ___ U.S. ____, 2011 WL 2437010 (June 20, 2011).  Neither of plaintiff's arguments is meritorious.

Plaintiff relies upon ORC 2744.03(A)(6), which provides in relevant part that in a civil action brought against a political subdivision or an employee of a political subdivision, an employee is immune from liability unless "[t]he employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities . . . [or] [t]he employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner . . . ."  But the Department is not a political subdivision, as that term is defined in ORC 2744.01(F).[3]  And an "employee" is defined as someone employed by a political

---

[3] ORC 2744.01(F) defines "political subdivision" as:
a municipal corporation, township, county, school district, or other body corporate and politic responsible for governmental activities in a geographic area smaller than that of the state. "Political subdivision" includes, but is not limited to, a county hospital commission appointed under section 339.14 of the Revised Code, board of hospital commissioners appointed for a municipal hospital under section 749.04 of the Revised Code, board of hospital trustees appointed for a municipal hospital under section 749.22 of the Revised Code, regional planning commission created pursuant to section 713.21 of the Revised Code, county planning commission created pursuant to section 713.22 of the Revised Code, joint planning council created pursuant to section 713.231 of the Revised Code, interstate regional planning commission created pursuant to section 713.30 of the Revised Code, port authority created pursuant to section 4582.02 or 4582.26 of the Revised Code or in existence on December 16, 1964, regional council established by political subdivisions pursuant to Chapter 167. of the Revised Code, emergency planning district and joint emergency planning district designated under section 3750.03 of the Revised Code, joint emergency medical

5

subdivision. Instead, the Department is encompassed within the definition of "State" in ORC 2744.01(I).[4] And the term "state" clearly "does not include political subdivisions." ORC 2744.01(I). Accordingly, ORC 2744.03(A)(6), which plaintiff relies upon to attempt to circumvent the Department's Eleventh Amendment immunity, is inapplicable to the issue of whether the Department enjoys Eleventh Amendment immunity.

The Supreme Court's recent decision in *Turner* also does not afford plaintiff relief. In that case, Turner was found to be in contempt of court and was sentenced to twelve months' incarceration for failing to comply with a child support order without having been afforded counsel at the contempt hearing. The question before the Court was "whether the Fourteenth Amendment's Due Process Clause requires the State to provide counsel (at a civil contempt hearing) to an indigent person potentially faced with such incarceration" for failing to comply with a child support order. 2011 WL 2437010, at *4. The Court held that:

---

> services district created pursuant to section 307.052 of the Revised Code, fire and ambulance district created pursuant to section 505.375 of the Revised Code, joint interstate emergency planning district established by an agreement entered into under that section, county solid waste management district and joint solid waste management district established under section 343.01 or 343.012 of the Revised Code, community school established under Chapter 3314. of the Revised Code, the county or counties served by a community-based correctional facility and program or district community-based correctional facility and program established and operated under sections 2301.51 to 2301. 58 of the Revised Code, a community-based correctional facility and program or district community-based correctional facility and program that is so established and operated, and the facility governing board of a community-based correctional facility and program or district community-based correctional facility and program that is so established and operated.

[4]ORC 2744.01(I) defines "state" in relevant part as "all departments, boards, offices, commissions, agencies, colleges and universities, institutions, and other instrumentalities of the state of Ohio."

> the Due Process Clause does not automatically require the provision of counsel at civil contempt proceedings to an indigent individual who is subject to a child support order, even if that individual faces incarceration (for up to a year). In particular, that Clause does not require the provision of counsel where the opposing parent or other custodian (to whom support funds are owed) is not represented by counsel and the State provides alternative procedural safeguards equivalent to those we have mentioned (adequate notice of the importance of ability to pay, fair opportunity to present, and to dispute, relevant information, and court findings).

*Id.* at *12.

Plaintiff argues that "because The United States Supreme Court accepted the South Carolina Department of Social Services as a respondent in that case [*Turner*], ODJFS [the Department] would not be entitled to immunity in this matter." Doc. 13, p.1. But *Turner* is an appeal from a finding of contempt, not a separate §1983 action. And there is no mention whatsoever of the Eleventh Amendment in *Turner*. Accordingly, *Turner* affords plaintiff no relief from the immunity afforded the Department by the Eleventh Amendment.

In summary, therefore, the Department is an arm of the state of Ohio and the state of Ohio has not waived its immunity. The Department is accordingly protected by Eleventh Amendment immunity and its motion to dismiss based upon Rule 12(b)(1) and/or Rule 12(b)(6) should be granted.[5] *See, e.g., McVicker*, 2009 WL 2431257, at *8 ("Under the Eleventh Amendment, the State of Ohio is immune from a suit for money damages. ODJFS is an agency of the State of Ohio, and therefore is considered an arm of

---

[5] In addition, plaintiff's claims against the Department must fail because a claim against the Department, which is an agency of the state of Ohio, is an action against the state of Ohio, which is not a person for purposes of §1983. *McVicker*, 2009 WL 2431257, at *6 ("Any action against ODJFS, an agency of the State of Ohio, is an action against the State of Ohio, not a 'person' under § 1983, and therefore plaintiffs' § 1983 claims against ODJFS fail.").

the state for purposes of Eleventh Amendment immunity.  Any action for monetary damages . . . against ODJFS is barred by the Eleventh Amendment."); *Wee Care Child Care Center, Inc.*, 2009 WL 187829, at *2 ("As a State created, operated, and financed institution, ODJFS is clearly an arm of the State entitled to Eleventh Amendment protection . . . . ODJFS is hereby dismissed for Plaintiffs' failure to state a claim against it upon which relief can be granted.").

### III. Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that defendant Ohio Department of Job and Family Services's motion to dismiss [Doc. 8] should be **granted**.

This the 14th day of July, 2011.

s/ J. Gregory Wehrman  
J.  Gregory Wehrman  
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
CIVIL ACTION NO. 11-296-HJW-JGW**

**CHRISTOPHER F. CASTANIAS**                                          **PLAINTIFF**

**V.**

**ALECIA C. LIPTON, et al.,**                                              **DEFENDANTS**

**NOTICE**

  Attached hereto is the Report and Recommendation of the Honorable J. Gregory Wehrman, United States Magistrate Judge.  Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations **within 14 days** after being served with this Report and Recommendation.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to another party's objections **within 14 days** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).