UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
CIVIL ACTION NO. 11-296-HJW-JGW

CHRISTOPHER F. CASTANIAS                                                  PLAINTIFF

V.

ALECIA C. LIPTON, et al.,                                                 DEFENDANTS

## REPORT & RECOMMENDATION[1]

Pending is a motion to dismiss pro se plaintiff's amended complaint pursuant to Fed. Civ. R. 12(b)(6) filed by defendants Warren County, Ohio Child Support Enforcement Agency ("the Agency"), Beth Anne Schoor and Rodrick Hamilton (collectively "defendants"). Doc. 33. For the following reasons, I recommend that plaintiff's federal claims be dismissed with prejudice and that plaintiff's state law claims be dismissed without prejudice.

### I. Factual and Procedural History

This action stems from pro se plaintiff's dissatisfaction with his contempt conviction for failure to pay child support. In August 2009, the Agency moved to have plaintiff held in contempt of court for failing to pay child support. In September 2009 a magistrate of the Warren County, Ohio Court of Common Pleas held a hearing and recommended that plaintiff be found in contempt and be sentenced to serve sixty days in jail in addition to a thirty-day jail sentence imposed on plaintiff in February 2009 for failure to pay child support.[2] Doc. 47-1. Plaintiff

---

[1]Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2]Fed.R.Civ.P. 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity

1

objected to the magistrate's report and recommendation, arguing among other things that he had not been properly served and was improperly denied counsel. Doc. 47-2.

In November 2009, Judge Oliver of the Warren County, Ohio Court of Common Pleas overruled plaintiff's objections. Doc. 47-3. The court concluded that plaintiff had been properly served; that plaintiff had not timely filed a request for counsel and that there was sufficient evidence to convict plaintiff. More specifically, the Court found that the Agency had "noted that Father [plaintiff] made no child support payments whatsoever during May, June, July, and August of 2009 and Father did not dispute this fact." Doc. 47-3, p.3.

Plaintiff appealed to the Twelfth Appellate District of the Ohio Court of Appeals. In September 2010, that court affirmed the Warren County Court of Common Pleas. Doc. 33-1. The appellate court noted that plaintiff had raised two assignments of error. First, plaintiff argued that the trial court erred by holding the contempt hearing because he (plaintiff) had not been served with a summons. The appellate court held that plaintiff had been properly served via mail. Doc. 33-1, p.2-4. *Id.* at p.4. Second, plaintiff argued that the trial court erred by denying plaintiff's constitutional right to counsel. The appellate court held that "[t]his was not the first contempt action brought against Castanias. The record clearly shows that despite his

---

to present all the material that is pertinent to the motion." However, a court may consider documents attached to a Rule 12 motion if the attachments are referred to in the complaint and are central to the claims. *See, e.g., Jestice v. Butler Technology and Career Development Schools Bd. of Educ.*, 2012 WL 71021, at *2 (S.D.Ohio Jan. 10, 2012). A court may also consider public records, matters of which a court may take judicial notice and decisions of government agencies when ruling on a Rule 12 motion. *Id.* The record and decisions of the Ohio state courts are central to plaintiff's claims and are public records. Accordingly, the state court records may be considered by this Court without converting the motion to dismiss to a motion for summary judgment.

protestations to the contrary, Castanias knew of his right to counsel and failed to exercise that right in a timely manner." *Id.* at p.7.

In May 2011, plaintiff filed this action. Doc. 3. Originally, plaintiff named as defendants Alecia Lipton (his ex-wife and the child support obligee); the Ohio Department of Job and Family Services ("the Department") and the Agency. *Id.* In her initial screening of plaintiff's pro se complaint, United States Magistrate Judge Karen Litkovitz recommended that the claims against Lipton be dismissed because Lipton was not a state actor. Doc. 4, p. 3-4. However, Judge Litkovitz concluded that claims against the Department and the Agency could proceed. *Id.* at p. 3.

The Department filed objections to Judge Litkovitz's report and recommendation. Doc. 7. On the same date that it filed its objections, the Department filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim for which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). Doc. 8.

The presiding district judge adopted Judge Litkovitz's report and recommendation, concluding that the Department's objections were moot because the issues presented in the objections were the same as those presented in the motion to dismiss. Doc. 15, p. 2. The presiding district judge dismissed the claims against Lipton and recommitted this case to me for consideration of the Department's motion to dismiss. *Id.*

In July 2011, I issued a report and recommendation recommending that the claims against the Department be dismissed pursuant to the Eleventh Amendment. Doc. 17. Judge Weber adopted that report and recommendation in August 2011. Doc. 19. At that point, the Agency was the only remaining defendant.

In November 2011 the Agency filed a motion for judgment on the pleadings. Doc. 25. Discovery was stayed pending resolution of that motion. Doc. 26. In January 2012, plaintiff filed a motion for leave to file a first amended complaint. Doc. 27. Later in January 2012, I granted as unopposed plaintiff's motion for leave to file an amended complaint and granted the Agency's construed motion to withdraw its motion for judgment on the pleadings. Doc. 30.

Plaintiff's amended complaint added Schoor (the Agency's director) and Hamilton (the Agency's deputy director) as defendants.[3] Doc. 31. As written, the pro se amended complaint contains federal claims for alleged retaliation for plaintiff exercising his First Amendment right to free speech, as well as alleged violations of plaintiff's due process and equal protection rights. *Id.* at p. 15-16. Plaintiff also raised state law claims for malicious prosecution, wanton and reckless prosecution, bad faith prosecution, and denial of equal protection under the Ohio Constitution. *Id.* at p.16-23. Defendants filed the pending motion to dismiss on January 31, 2012. Doc. 33. That motion to dismiss is now fully briefed.

**II.     Analysis**

**A.     Standard of Review**

"In deciding a Rule 12(b)(6) motion, a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim

---

[3]The complaint also named John and Jane Doe defendants, who plaintiff stated were "as of yet unknown employees of the Warren County Domestic Relations Court and or [the Agency], whose names will become clear after further discovery." Doc. 31, p.2. The vague claims against the Doe defendants should be dismissed for the same reasons I will set forth *infra* regarding the claims against the named defendants.

4

for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citation and internal quotation marks omitted).

A court need not accept as true legal conclusions in a complaint. *Id.* Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Even legal conclusions "couched as factual allegations" are insufficient to survive a motion to dismiss. *Center v. Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011). "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S.Ct. at 1950. In other words, "[m]erely pleading facts that are consistent with a defendant's liability or that permit the court to infer misconduct is insufficient." *Patterson v. Novartis Pharmaceuticals Corp.*, 2011 WL 3701884, at *1 (6th Cir. Aug. 23, 2011). Pro se complaints are liberally construed and held to a less stringent standard than complaints drafted by attorneys, however. *Williams v. Curtin*, 631 F3d 380, 383 (6th Cir. 2011).

**B. Plaintiff's First Amendment Retaliation Claim Should Be Dismissed**

Plaintiff brings a claim for First Amendment retaliation. "A retaliation claim essentially entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two-that

5

is, the adverse action was motivated at least in part by the plaintiff's protected conduct."
*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

It is unclear from plaintiff's amended complaint upon what specific constitutionally protected conduct plaintiff bases his First Amendment retaliation action. Leniently construed, plaintiff's complaint alleges that the protected First Amendment conduct was his criticism and critique of the child support system.[4]

Dismissal of the retaliation claim is proper even if it is assumed, solely for purposes of argument, that plaintiff's complaint adequately sets forth constitutionally protected conduct because plaintiff simply has not shown what adverse act(s) defendants engaged in to deter plaintiff from engaging in that conduct. As defendants correctly argue in their reply brief, "[w]e are no closer today to learning how Plaintiff believes his First Amendment right to free speech has been chilled by Warren County Defendants." Doc. 47, p.4. The only conduct engaged in by defendants which could even theoretically be assumed to have been directed toward plaintiff is the decision to prosecute him for nonpayment of child support. However, since the record shows that plaintiff did have a child support arrearage at the time of his prosecution, there is nothing concrete in the record to demonstrate any improper, adverse act taken against plaintiff by defendants, nor is there a demonstrable causal link between plaintiff's conduct and defendants' acts. Plaintiff has offered only a mishmash of conjecture, factual assertions unrelated to his claims, and legal conclusions. Accordingly, plaintiff's First Amendment retaliation claims

---

[4]The amended complaint contains vague statements like "Father [plaintiff] became very active with parents['] rights organizations" and "Father also started working with various legislators, including Ohio State Senator . . . Bill Seitz in an effort to push for various parenting rights legislation." Doc. 31, p.5.

6

should be dismissed for failure to comply with the pleading standards of *Iqbal*.

**C. Plaintiff's Equal Protection Claims Should Be Dismissed**

"In order to state a claim under the Equal Protection Clause of the Fourteenth Amendment pursuant to Section 1983, a plaintiff averring discrimination must ordinarily allege that a state actor intentionally discriminated against [him] because of [his] membership in a protected class." *Young v. Mahoning County, Ohio*, 418 F.Supp.2d 948, 958 (N.D.Ohio 2005) (citing *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990)). Because the Equal Protection Clause of the Fourteenth Amendment "provides that 'all persons similarly situated should be treated alike[,]'"[5] plaintiff must show that he was treated differently than similarly situated child support obligors.

Plaintiff makes passing references in various portions of his rambling, twenty-five page complaint to having been treated worse than similarly situated child support obligors, such as plaintiff's claim that a higher bond was imposed on him than on others. However, the gist of plaintiff's complaint is that he is a "class of one."[6]

"[I]n order to establish a cause of action under the equal protection clause based on a "class of one," the plaintiffs must demonstrate that they are the victims of 'intentional and arbitrary discrimination,' *i.e.*, 'that [they have] been intentionally treated differently from others

---

[5]*Yates v. Scioto County Bd. of Mental Retardation and Developmental Disabilities*, 2006 WL 1582446, at *5 (S.D.Ohio June 8, 2006) (quoting *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985)).

[6]Though the section of the complaint regarding federal equal protection claims does not explicitly state plaintiff's "class of one" contention, the section regarding a denial of equal protection under the Ohio state constitution does explicitly state that the Agency "has consistently singled out Father [plaintiff] as a class of one . . . ." Doc. 31, p.22.

7

similarly situated and that there is no rational basis for the difference in treatment.'" *Young*, 418 F.Supp.2d at 958 (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564-65 (2000)). The Northern District of Ohio summarized the standards governing a "class of one" claim as follows:

> Suffice it to summarize for present purposes that "[e]qual protection claims can be brought by a 'class of one,' where the plaintiff alleges that the state treated the plaintiff differently from others similarly situated and that there is no rational basis for such difference in treatment." *Warren v. City of Athens*, 411 F.3d 697, 710 (6th Cir.2005). The "rational basis" test means that courts will not overturn government action "unless the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that [the court] can only conclude that the [government's] actions were irrational." *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 84, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000) (internal quotation marks and citation omitted).

*Young*, 418 F.Supp.2d at 960.

As with plaintiff's First Amendment retaliation claim, it is unclear what act(s) allegedly committed by defendants plaintiff believes to have been discriminatory. Defendants are charged with enforcing child support payments. It is uncontested that plaintiff failed to fully and timely comply with his child support obligations. So it was not irrational for defendants to prosecute plaintiff for nonpayment of child support. In addition, plaintiff has not shown–nor is it rational to believe–that no other child support obligors were prosecuted by defendants for nonpayment of child support. Though it is unclear from the complaint, it is possible that plaintiff argues that his sentence was excessive compared to other child support obligors who failed to make their support payments.[7] But the Ohio courts–not defendants–sentenced defendant. Accordingly,

---

[7]The complaint only provides conclusory statements and vague, unsupported assertions of fact like "[a]lthough Father was granted work release privileges during his incarceration, it was more restricted than others who have been incarcerated for non-payment of support" and "Father has learned that Defendants also have a policy, practice or custom of more aggressive prosecution of those who've had good prior pay histories and encountered short[-]term financial issues . . . than those who've had consistently poor pay histories." Doc. 31, p. 2, 13.

8

defendants are not liable for any purported harshness in plaintiff's sentence.

"The initial showing a 'class of one' plaintiff must demonstrate is that she was treated differently from those similarly situated." *Id.* As discussed, plaintiff's complaint does not meet that initial burden. Even if plaintiff is somehow deemed to have satisfied his initial burden, dismissal would nonetheless be proper. After determining that a plaintiff has satisfied his initial burden, a court then determines whether defendants lacked a rational basis for their acts. *Id.* Because it is uncontested that plaintiff was behind on his child support obligations, plaintiff has not shown that the government lacked a rational basis to prosecute him for nonpayment of child support.

In short, plaintiff has not sufficiently pled that he was treated differently than similarly situated child support obligors, nor has he pled facts sufficient to support a conclusion that defendants lacked a rational basis to prosecute him. Accordingly, plaintiff's federal equal protection claims should be dismissed.

**D. Alleged Failure to Properly Effectuate Service in State Court Proceedings and Denial of Counsel for Plaintiff in State Court Not Cognizable in This Court**

Plaintiff repeatedly complains in his complaint and other documents filed with the Court that he was not properly served with a summons in state court. Plaintiff also takes issue with the state court's failure to appoint counsel for him in the contempt proceedings.

Defendants are not responsible for deciding whether plaintiff was entitled to counsel as that decision was within the sole purview of the state court judges. Because defendants did not make the decision as to whether to appoint counsel for plaintiff, they cannot be liable for any error inherent in that decision.

Plaintiff has not even conclusively demonstrated that the failure to appoint counsel for

9

him was error. Plaintiff relies upon the United States Supreme Court's recent opinion in *Turner v. Rogers*, ___ U.S. ____, 131 S.Ct. 2507 (2011), to argue that he was constitutionally entitled to counsel. Plaintiff's reliance upon *Turner* is misplaced. In that case, Turner was found to be in contempt of court and was sentenced to twelve months' incarceration for failing to comply with a child support order without having been afforded counsel at the contempt hearing. The question before the Court was "whether the Fourteenth Amendment's Due Process Clause requires the State to provide counsel (at a civil contempt hearing) to an *indigent* person potentially faced with such incarceration" for failing to comply with a child support order. *Id.* at 2512. The Court held that:

> the Due Process Clause does not *automatically* require the provision of counsel at civil contempt proceedings to an indigent individual who is subject to a child support order, even if that individual faces incarceration (for up to a year). In particular, that Clause does not require the provision of counsel where the opposing parent or other custodian (to whom support funds are owed) is not represented by counsel and the State provides alternative procedural safeguards equivalent to those we have mentioned (adequate notice of the importance of ability to pay, fair opportunity to present, and to dispute, relevant information, and court findings).

*Id.* at 2520. *Turner* does not, therefore, categorically require counsel to be appointed for persons facing criminal contempt convictions for nonpayment of child support.

*Turner* is also factually distinguishable from this case because it was an appeal from a finding of contempt, not a separate §1983 action. It is questionable, therefore, whether *Turner* may properly provide the foundation for a §1983 claim. Also, *Turner* had not even been issued prior to plaintiff's contempt hearing, nor had it been issued in September 2010 when plaintiff's conviction was affirmed on appeal. In short, *Turner* offers little factual, legal or temporal support to plaintiff.

In addition, since plaintiff unsuccessfully raised the issues regarding appointment of counsel and purported lack of proper service of process before the Ohio Court of Appeals, both the *Rooker-Feldman* doctrine and collateral estoppel prevent plaintiff from again raising those issues in this Court. *See, e.g., Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 283-84 (2005) (holding that the *Rooker-Feldman* doctrine meant that lower federal courts lacked jurisdiction over actions which "essentially invited federal courts of first instance to review and reverse unfavorable state-court judgments" while cautioning that "[t]he *Rooker–Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."); *Montana v. United States*, 440 U.S. 147, 153 (1979) ("A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies . . . . Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation.") (internal quotation marks and citations omitted).

**E. Defendants Schoor and Hamilton Are Entitled to Qualified Immunity**

"Qualified immunity protects government officials performing discretionary functions from liability for civil damages 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Bartell v. Lohiser*, 215 F.3d 550, 556 (6th Cir. 2000) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity is designed to protect "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

A court utilizes a two-step analysis to determine if a party is entitled to qualified immunity: "first, we determine whether a 'clearly established' constitutional or statutory right has been violated; and second, we ascertain whether the official acted objectively unreasonably in light of the clearly established right." *Bartell*, 215 F.3d at 557. Plaintiff bears the burden to show that defendants are not entitled to qualified immunity. *Smoak v. Hall*, 460 F.3d 768, 778 (6th Cir. 2006).

As previously discussed, it is unclear what clearly established constitutional right plaintiff accuses Schoor and Hamilton of violating. Nothing in the complaint demonstrates with specificity how Schoor or Hamilton violated plaintiff's right to free speech or due process. Neither Hamilton nor Schoor prevented plaintiff from voicing his opinions regarding the child support system, nor were they responsible for deciding whether plaintiff was entitled to counsel at the contempt hearing. In fact, even if *Turner* is expansively and generously construed to mean that child support obligors are entitled to counsel at contempt hearings, Schoor and Hamilton would not be liable because that constitutional right was not firmly established at the time of plaintiff's contempt hearing.

*Harlow*, 457 U.S. at 818 ("If the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to 'know' that the law forbade conduct not previously identified as unlawful."). In short, plaintiff has not met his burden to demonstrate that defendants Schoor and Hamilton are not entitled to qualified immunity for the claims brought against them in their individual capacities.[8] *See, e.g., Harlow*, 457 U.S. at 817-18 (holding that "bare allegations of malice should not suffice to subject government officials either to the costs of trial or to the burdens of broad-reaching discovery.").

**F. Claims Against the Agency Fail Under *Monell***

"Section 1983 creates a federal cause of action against state or local officials who deprive a person of a federal right while acting under the color of state law. 42 U.S.C. § 1983. To prevail in a § 1983 suit against a municipality, a plaintiff must show that the alleged federal right violation occurred because of a municipal policy or custom. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)." *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). In order to establish a policy, the municipality or local governmental entity must have "officially sanctioned or

---

[8]Plaintiff has raised both individual and official capacity claims against Schoor and Hamilton. Qualified immunity applies only to the individual capacity claims. *See, e.g., Littlejohn v. Rose*, 768 F.2d 765, 772 (6th Cir. 1985). Plaintiff's official capacity claims against Schoor and Hamilton are actually claims against the Agency. *See, e.g., McCabe* v. Mahoning County Children Services Board, 2010 WL 3326909, at *7 (N.D.Ohio Dec. 1, 2011) ("A suit against a government employee in his or her official capacity represent[s] only another way of pleading an action against an entity of which an officer is an agent.") (internal quotation marks omitted). The official capacity claims against Schoor and Hamilton accordingly should be dismissed for the reasons plaintiff's claims against the Agency should be dismissed.

13

ordered the challenged action . . . ." *Stone v. Holzberger*, 807 F.Supp.2d 1325, 1334 (S.D.Ohio 1992). To impose liability based upon a custom, the custom "must be so permanent and well settled as to constitute a custom or usage with the force of law." *Id.* at 1335 (internal quotation marks omitted).

Plaintiff's complaint does not demonstrate that the Agency denied any of his federal rights. Plaintiff generically asserts that the Agency has "a policy, practice or custom of more aggressive prosecution of individuals who have been openly critical of either the Warren County Domestic Relations Court or [the Agency]." Doc. 31, p.1 Plaintiff also asserts that the Agency has a policy or custom of "more aggressive prosecution" of people who object to decisions of the Warren County Domestic Relations Court and to people "who've had good prior pay histories and encountered short[-]term financial issues, than those who've had consistently poor pay histories." *Id.* at p.2. Though prolix, plaintiff's complaint does not contain factual support for his legal assertions. The only supporting evidence contained in the complaint, however, are references to purported emails of Agency employees stating their familiarity with plaintiff and remarking on plaintiff's purported belligerence. *Id.* at p.5-6. Plaintiff also refers to a local newspaper article in which employees of the Agency generally commented that incarceration was a last resort in cases regarding nonpayment of child support.

Plaintiff's reference to emails and newspaper articles is woefully insufficient to demonstrate that the Agency has a policy or settled custom of more severely prosecuting individuals, like plaintiff, who had been critical of the child support system or who had

recently fallen on economic hard times. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S.Ct. at 1950. In other words, "[m]erely pleading facts that are consistent with a defendant's liability or that permit the court to infer misconduct is insufficient." *Patterson*, 2011 WL 3701884, at *1. Plaintiff's claims against the Agency should be dismissed as failing to comply with *Monell* and *Iqbal*.

### G. Court Should Decline to Exercise Jurisdiction Over State Law Claims

In addition to his previously-discussed federal causes of action, plaintiff has raised numerous interrelated state causes of action. However, because defendants should be granted summary judgment on plaintiffs' federal claims, the Court has the discretion to decline to exercise supplemental jurisdiction over plaintiffs' state law claims. *See, e.g., Zimmerman v. Crabtree*, 2010 WL 2572058, at *5 (S.D.Ohio May 27, 2010). Indeed, the Sixth Circuit has stated it generally does not favor a district court retaining jurisdiction over state law claims if federal question claims are resolved before trial. *See, e.g., Gaff v. Federal Deposit Ins. Corp.*, 814 F.2d 311, 319 (6th Cir. 1987) ("It is generally recognized that where, as in this case, federal issues are dismissed before trial, district courts should decline to exercise pendent jurisdiction over state law claims."). Because plaintiff's federal claims should be dismissed, this Court should dismiss plaintiff's state law claims without prejudice. *See, e.g., Zimmerman*, 2010 WL 2572058 at *6 ("Accordingly, in light of the recommendation that the Defendants are entitled to summary judgment on Plaintiff's federal claims, it is further recommended that Plaintiff's state law claims should be dismissed without prejudice.").

15

**III. Recommendation**

For the foregoing reasons, it is **RECOMMENDED:**

Defendants' motion to dismiss [Doc. 33] should be **granted**, and plaintiff's federal claims should be dismissed with prejudice and plaintiff's state law claims should be dismissed without prejudice.

Date: April 20, 2012                                      /s J. Gregory Wehrman
                                                                                J. Gregory Wehrman
                                                                                United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION
# CIVIL ACTION NO. 11-296-HJW-JGW

**CHRISTOPHER F. CASTANIAS**                                   **PLAINTIFF**

**V.**

**ALECIA C. LIPTON, et al.,**                                  **DEFENDANTS**

## NOTICE

  Attached hereto is the Report and Recommendation of the Honorable J. Gregory Wehrman, United States Magistrate Judge. Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations **within 14 days** after being served with this Report and Recommendation. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).