# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION
### CIVIL ACTION NO. 11-296-HJW-JGW

**CHRISTOPHER F. CASTANIAS**                              **PLAINTIFF**

**v.**

**ALECIA LIPTON, et al.**                                      **DEFENDANTS**

## REPORT AND RECOMMENDATION

Pending before the Court is *pro se* plaintiff's "Motion for Reconsideration" of the District Court's decision granting defendants' motion to dismiss (Doc. 55)  as well as three separate supporting briefs.  Docs. 57, 60, 61, and 63.  The filings contain repetitive arguments plaintiff made in separate filings in this case and others.  Nonetheless, the motion is ripe for decision.

A motion for reconsideration is treated as a Rule 59(e) motion to alter or amend a judgment.  *Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119 (6th Cir. 1982).  A Rule 59(e) motion may be granted only when there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice."  *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).

Plaintiff has advanced three arguments.  First, he faults the District Court for inaccurately citing two paragraphs from his amended complaint in its decision granting defendants' motion to dismiss.  Doc. 55.  He first takes issue with the District Court's recounting of a statement in his complaint that he was nearly $10,000 in arrearage in child support on March 1, 2008.  Plaintiff maintains this was taken out of context.  Doc. 57 at 1.  Plaintiff also found fault with the District Court's statement that he agreed to diversion regarding a contempt order the state court issued as a result of his child support problems.  *Id*. at 2.  This, too, was allegedly taken out of context.

Finally, plaintiff asserts that the District Court did not address his suit's main argument, that the state never proved his alleged nonpayment of child support was willful, which he claims is an element the state is required to prove in order to jail him for contempt.  Doc. 57 at 3.

Despite plaintiff's explanation of the alleged specifics behind the District Court's recounting of his complaint, the District Court merely cited the relevant portions of the complaint in order to lay out the facts in the case.  Whether the entire story behind these facts was explained by the District Court is not relevant to its decision to adopt this Court's Report and Recommendation and grant defendants' motion to dismiss.

Plaintiff argues that the $10,000 arrearage cited by the District Court was artificially created by the state court and not the result of his non-payment.  Doc. 57 at 1.  Whether this is true or not does not change the ultimate decision by the District Court.  Indeed, plaintiff does not show why the District Court's recitation amounts to a clear error of law, newly discovered evidence, an intervening change in the law, or a manifest injustice.  As best this Court can tell, plaintiff's protestation relates to assertions that he suffered both retaliation for exercising his First Amendment rights and discrimination violating the Fourteenth Amendment's Equal Protection Clause.  These arguments were dealt with extensively in this Court's Report and Recommendation, and the reasoning behind dismissing them are not called into doubt by plaintiff's motion.

Plaintiff's assertion that the District Court imprecisely stated that he agreed to diversion before the state court is similarly lacking.  Plaintiff puts forth a detailed account of the machinations and conversations leading up to his decision to enter the diversion program in lieu of contesting the charges in court; to what end, however, is unclear.  The District Court's mere

2

recounting of a fact is not grounds for altering the judgment in this case.

Finally, plaintiff's assertion that the Court has yet to address his central claim in the case - that "the law requires [the State] cannot pursue prosecution unless any non-payment would have been willful in nature," - is unpersuasive. Doc. 57 at 3. This state common law argument is almost word-for-word plaintiff's second claim in his amended complaint. Doc. 31 at 16-17, ¶ 163. In its Report and Recommendation, this Court recommended declining jurisdiction over plaintiff's state law claims. Doc. 48 at 15. The District Court agreed, dismissing the claims without prejudice. Doc. 55 at 3. Therefore, it appears plaintiff misunderstands the District Court's Order, as there is good reason it has yet to address his central claim: the Court expressly declined jurisdiction over these claims, allowing plaintiff to pursue his claims in state court, if he wished. Accordingly,

**IT IS RECOMMENDED**:

1. Plaintiff's motion for reconsideration/motion to amend or alter judgment should be **denied**.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient

to preserve the right of appeal.  *Howard*, 932 F.2d at 509.  A party may respond to another

party's objections within fourteen days of being served with a copy of those objections.  Fed. R.

Civ. P. 72(b)(2).


       This the 17th day of December, 2012.       s/ J. Gregory Wehrman
                                                        J. Gregory Wehrman
                                                        United States Magistrate Judge

4